**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

|  |  |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 5:20-CR-47-TES-CHW(1) |
| **ALVIN BERNARD DUNN** | |

---

### ORDER ON MOTION FOR REDUCTION IN SENTENCE

---

Before the Court is the defendant's *pro se* Motion for Sentence Reduction (Doc. 56) based on what he describes as a "65% law," asserting his conviction under 18 U.S.C. § 922(g) is nonviolent and that he has withdrawn from gang-related activity. The motion is **DENIED.**

Dunn was originally sentenced on October 5, 2021, to 120 months followed by a 3-year term of supervised release for the offense of Possession of a Firearm by a Convicted Felon. Dunn's prior convictions score of 9 placed him in Criminal History Category IV. A Homicide cross-reference yielded a Total Offense Level 40 and an advisory range of 360 months to Life; however, the range was statutorily capped at 120 months.

As an initial matter, Dunn's request is premised on a misunderstanding of federal sentencing law. There is no "65% law" applicable to federal sentences. Federal inmates are not eligible for parole, and the amount of time served is governed by statute, including the good-conduct time provisions set forth in 18 U.S.C. § 3624(b). Those provisions do not authorize the Court to reduce a sentence to permit release after service of 65% of the imposed term. Accordingly, Dunn identifies no legal basis upon which this Court may grant the requested reduction.

To the extent Dunn seeks relief under any provision that would authorize a sentence reduction, he has failed to demonstrate eligibility. His assertion his offense is "nonviolent" does not provide a basis for relief under federal law, nor does it confer authority on this Court to modify a previously imposed sentence. Likewise, the defendant's representation he has disengaged from gang-related activity, while commendable if true, does not constitute a legally cognizable ground for a sentence reduction.

A District Court may not modify a term of imprisonment once it has been imposed except in limited circumstances expressly authorized by statute. *See* 18 U.S.C. § 3582(c). The defendant has not demonstrated that any such circumstance applies here.

Accordingly, the defendant's Motion for Sentence Reduction is **DENIED**.

So ordered this  4th  day of    May         , 2026.



s/Tilman E. Self, III
TILMAN E. SELF, III
U.S. DISTRICT JUDGE